**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WILLIAM KIRST and CHRISTINA KIRST<br>Derivatively on Behalf of Nominal Defendant<br>NOVAVAX, INC.,<br>North Port, FL 34286 | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. _____ |
| STANLEY C. ERCK<br>Bethesda, MD 20814 (Montgomery County) | )<br>)<br>) | |
| c/o C. Thomas Brown<br>Ropes & Gray LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199 | )<br>)<br>)<br>)<br>)<br>) | |
| MARGARET G. MCGLYNN<br>Flourtown, PA 19031 | )<br>)<br>) | |
| c/o C. Thomas Brown<br>Ropes & Gray LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199 | )<br>)<br>)<br>)<br>)<br>) | |
| RACHEL KING<br>Cabin John, MD 20813 (Montgomery County) | )<br>)<br>) | |
| c/o C. Thomas Brown<br>Ropes & Gray LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199 | )<br>)<br>)<br>)<br>)<br>) | |
| GREGG ALTON<br>San Francisco, CA 94133 | )<br>)<br>) | |
| c/o C. Thomas Brown<br>Ropes & Gray LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199 | )<br>)<br>)<br>)<br>) | |

JAMES F. YOUNG )
Potomac, MD 20854 (Montgomery County) )
 )
    c/o C. Thomas Brown )
    Ropes & Gray LLP )
    Prudential Tower )
    800 Boylston Street )
    Boston, MA 02199 )
 )
RICHARD DOUGLAS )
Southborough, MA 01772 )
 )
    c/o C. Thomas Brown )
    Ropes & Gray LLP )
    Prudential Tower )
    800 Boylston Street )
    Boston, MA 02199 )
 )
RAJIV I. MODI )
Gujarat, India )
 )
    c/o C. Thomas Brown )
    Ropes & Gray LLP )
    Prudential Tower )
    800 Boylston Street )
    Boston, MA 02199 )
 )
MICHAEL A. MCMANUS, JR. )
Bronxville, NY 10708 )
 )
    c/o C. Thomas Brown )
    Ropes & Gray LLP )
    Prudential Tower )
    800 Boylston Street )
    Boston, MA 02199 )
 )
DAVID MOTT )
Big Sky, MT 59716 )
 )
    c/o C. Thomas Brown )
    Ropes & Gray LLP )
    Prudential Tower )
    800 Boylston Street )
    Boston, MA 02199 )
 )

```
GREGORY F. COVINO                              )
Ashland, MA 01721                              )
                                               )
     c/o C. Thomas Brown                       )
     Ropes & Gray LLP                          )
     Prudential Tower                          )
     800 Boylston Street                       )
     Boston, MA 02199                          )
                                               )
JOHN J. TRIZZINO                               )
Germantown, MD 20874 (Montgomery County)       )
                                               )
     c/o C. Thomas Brown                       )
     Ropes & Gray LLP                          )
     Prudential Tower                          )
     800 Boylston Street                       )
     Boston, MA 02199                          )
                                               )
               Defendants,                     )
                                               )
          and                                  )
                                               )
NOVAVAX, INC.,                                 )
21 Firstfield Road                             )
Gaithersburg, MD 20878 (Montgomery County)     )
                                               )
SERVE ON RESIDENT AGENT:                       )
The Corporation Trust Incorporated             )
2405 York Road, Suite 201                      )
Lutherville Timonium, MD 21093-2264            )
                                               )
               Nominal Defendant.              )
```

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and Local Civil Rule 103.5, Defendants Margaret G. McGlynn, Gregg Alton, Richard Douglas, Rajiv Modi, Michael A. McManus, Jr., David Mott, and Gregory F. Covino (the "Removing Defendants"), by and through their attorneys, hereby remove this action from the Circuit Court for Montgomery County, Maryland, to the United States District Court for the District of Maryland. In support of removal, the Removing Defendants state as follows:

## PROCEDURAL BACKGROUND

Plaintiffs William Kirst and Christina Kirst ("Plaintiffs") filed the underlying Verified Stockholder Derivative Complaint (the "Complaint"), purportedly in the right of Nominal Defendant Novavax, Inc. ("Novavax" or the "Company"), against Defendants Margaret G. McGlynn, Rachel King, Gregg Alton, Richard Douglas, Rajiv Modi, Michael A. McManus, Jr., David Mott, Stanley C. Erck, James F. Young, (the "Director Defendants"), and Defendants Gregory F. Covino and John J. Trizzino (with the Director Defendants, "Defendants") on December 28, 2021 in the Circuit Court for Montgomery County, Maryland. The action was assigned the case number C-15-CV-21-000618 in the state court. Undersigned counsel represents Novavax, the Removing Defendants, and all other Defendants in this and other related actions discussed herein.

The Complaint rests on essentially the same facts and circumstances as three prior-filed cases currently pending in this Court. The first-filed case alleges causes of action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *See Sinnathurai v. Novavax, Inc., et al.*, C.A. No. 8:21-cv-02910 (D. Md.) (filed November 12, 2021). Plaintiffs in the two subsequently-filed cases purport to proceed derivatively on behalf of Novavax, and essentially recast the claims in *Sinnathurai* as supposed derivative claims. Those cases are *Meyer v. Erck, et al.*, C.A. No. 8:21-cv-02996 (D. Md.) (filed November 22, 2021); and *Yung v. Erck, et al.*, C.A. No. 8:21-cv-03248 (D. Md.) (filed December 21, 2021). All three cases rest on allegations that certain Defendants made certain purportedly false or misleading statements concerning Novavax's COVID-19 vaccine candidate, including with respect to the Company's manufacturing capabilities and the vaccine's regulatory and commercial prospects.

The Complaint here is essentially a rehash of the *Yung* complaint—indeed, it appears that Plaintiffs did little more than copy the *Yung* complaint verbatim, with the only material changes being the state court header and their own counsel's signature block.  Plaintiffs assert seven derivative causes of action against various Defendants, purportedly in the right of Novavax:  Count I for "Insider Selling and Misappropriation of Information" against Mott; Count II for "Breach of Fiduciary Duty" against the Director Defendants; Count III for "Waste of Corporate Assets" against the Director Defendants; Count IV for "Unjust Enrichment" against all Defendants; Count V for "Abuse Control" against all Defendants; Count VI for "Gross Mismanagement" against all Defendants; and Count VII for "Waste of Corporate Assets" against all Defendants.

## GROUNDS FOR REMOVAL

This Court has (i) diversity jurisdiction; and (ii) federal question jurisdiction over this case.  Removal is supported on either basis.  Moreover, although it is not determinative of the removability of the instant action, removal here is also appropriate given Plaintiffs' obvious attempt to gain leverage by copying a claim already filed and pending in this Court and attempting to press precisely the same issues at the same time in state court.

*First*, this Court's jurisdiction arises under 28 U.S.C. § 1332 because: (i) the Removing Defendants are citizens of a state other than the State of Maryland, (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (iii) no party in interest, let alone a party in interest who is a citizen of the State of Maryland, has been properly joined and served as a defendant.  There is complete diversity of citizenship because Plaintiffs are citizens of the State of Florida, and none of the Defendants are citizens of the State of Florida, as Plaintiffs are.  Although certain Defendants are citizens of Maryland, the forum-defendant rule does not presently apply here, because that rule prohibits removal of a diversity case only "if any of the parties in interest

properly joined and served as defendants is a citizen of [the forum state]." 28 U.S.C. § 1441(b)(2). As *none* of the Defendants—let alone those Defendants who are Maryland citizens—have been served, the Removing Defendants are permitted to remove this action to federal court. *See, e.g.*, *Al-Ameri v. The Johns Hopkins Hospital*, C.A. No. GLR-15-1163, 2015 WL 13738588, at *2 (D. Md. June 24, 2015); *Robertson v. Iuliano*, C.A. No. RDB-10-1319, 2011 WL 453618, at *3 (D. Md. Feb. 4, 2011); *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 735 (D. Md. 2006).

*Second*, this Court's jurisdiction also arises under 28 U.S.C. § 1331 because this case presents a federal question. Plaintiffs assert what are, in essence, claims for alleged violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5. *See* Complaint ¶ 3 ("Defendants caused the Company to make materially false and misleading statements regarding the Company's business, operations, and prospects."). Indeed, the first of the now-four lawsuits challenging the same conduct as that challenged in the Complaint asserts class action claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 (the "Securities Class Action"). *See* Class Action Compl., *Sinnathurai v. Novavax, Inc., et al.*, C.A. No. 8:21-cv-02910 ¶¶ 66-81 (D. Md. Nov. 12, 2021) (ECF No. 1). Of course, such lawsuits are subject to the heightened pleading and lead plaintiff appointment requirements set forth in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, *et seq.*, and Plaintiffs' artful attempt to plead around those requirements by styling their claims as state law claims must be rejected.

## **COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other orders are attached hereto. The Complaint filed in state court is attached hereto as **Exhibit A**. The Case Information Sheet filed in state court is attached hereto as **Exhibit B**.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed.

Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Maryland.

All Defendants consent to this removal.

\*   \*   \*

For the reasons stated herein, the Removing Defendants submit this matter to this Court's jurisdiction and request that the action proceed in the United States District Court for the District of Maryland, alongside other cases challenging the same purported conduct and arising from a substantially similar set of facts.

Respectfully submitted,

*/s/  Edward R. McNicholas*
Edward R. McNicholas
Bar No. 24833
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, D.C.  20006
(202) 508-4779
Edward.McNicholas@ropesgray.com
*Counsel for Defendants*